UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVAUGHN ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. COOK,<br><br>    Defendant. | No. 2:19-cv-2347 AC P<br><br>ORDER |

Plaintiff Javaughn Robinson is a state prisoner proceeding pro se with this civil rights action against sole defendant Cook, challenging matters that allegedly occurred during her[1] prior incarceration at CDCR's Mule Creek State Prison (MCSP). Plaintiff was recently transferred to R.J. Donovan Correctional Facility (RJD).

By order filed January 30, 2020, this case was stayed and referred for mediation pursuant to this court's Post-Screening Alternative Dispute Resolution (ADR) Project. ECF No. 21. That order directed plaintiff to file a notice within thirty days, indicating whether plaintiff preferred to appear at the settlement conference in person or by videoconference, if available. The court's order was initially served on plaintiff at her most recent prior place of incarceration, Salinas Valley State Prison (SVSP). After plaintiff submitted a notice of change of address to RJD, the

---

[1] Plaintiff, who is incarcerated in a facility for male prisoners, refers to herself using the pronouns "she" and "her." The court will do the same.

1

1    order was re-served on plaintiff at that location, while attempted service at SVSP was returned by
2    the postal service as undeliverable.
3    　　　Apparently before the court's order reached plaintiff at RJD, she filed three documents in
4    this case: (1) a request for explanation concerning defendant's waiver of service, and copies of
5    the complaint and exhibits in this action, ECF No. 23; (2) a motion for appointment of counsel,
6    ECF No. 24; and (3) a request for entry of default against defendant Cook, ECF No. 25.
7    　　　Defendant waived service of process on January 23, 2020, ECF No. 20, which was noted
8    in the court's order filed January 30, 2020, ECF No. 21 at 1. Defendant's waiver was signed
9    (executed) by his attorney. Although the executed waiver acknowledges that an adverse
10   judgment against defendant may be warranted if defendant does not timely respond to the
11   complaint, this action was thereafter stayed for a period of 120 days, also by order of this court
12   filed January 30, 2020. That means that the deadline to respond to the complaint has been
13   extended. Plaintiff's request for entry of default will accordingly be denied.
14   　　　Plaintiff moves for appointment of counsel on the ground that she does not understand
15   these proceedings. ECF No. 24. However, once plaintiff has an opportunity to review the court's
16   January 30, 2020 order, she will understand that there is only one thing she needs to do at this
17   time: return the form indicating whether she prefers to participate in a settlement conference in
18   this case in person or by videoconference, if available. After receiving the form indicating her
19   chodie, the court will schedule the settlement conference.
20   　　　There is no right to counsel in civil cases. The court rarely appoints counsel for prisoner
21   litigants, particularly for settlement. District courts lack authority to require counsel to represent
22   indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298
23   (1989). Only in certain "exceptional circumstances" may a district court request that an attorney
24   voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d
25   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In
26   determining whether "exceptional circumstances" exist, the court must consider plaintiff's
27   likelihood of success on the merits of her case as well as plaintiff's ability to articulate her claims
28   pro se in light of the complexity of the legal issues involved. See Palmer v. Valdez, 560 F.3d

1 | 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on plaintiff. Circumstances common to most prisoners, such as indigency, lack of legal education and limited law library access, do not establish exceptional circumstances warranting the appointment of counsel. Id.

In the present case, at the present time, the court finds that appointment of counsel is unwarranted. The fact that the court, upon initial screening of plaintiff's original complaint under 28 U.S.C. § 1915A, directed service on the only named defendant demonstrates that plaintiff is capable of articulating her allegations and claims pro se. Moreover, the facts and law pertinent to this action are limited and straightforward, involving one incident of alleged excessive force by one defendant. Additionally, the informal nature of mediation proceedings is well suited to a plaintiff's pro se status. For these reasons the court finds no exceptional circumstances at this time warranting the appointment of counsel.

In light of plaintiff's recent transfer and the post office's return of the court's prior order, the court will direct the Clerk of Court to send plaintiff, together with a copy of this order, copies of the docket, the complaint, and the court's order filed January 30, 2020. If she has not already done so, plaintiff is directed to complete and return the attached Notice – within 14 days -- designating how plaintiff would prefer to appear at the settlement conference in this action, which the court will then schedule.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for an explanation and pertinent documents, ECF No. 23, is granted in part.

2. Plaintiff's motion for appointment of counsel, ECF No. 24, is denied without prejudice.

3. Plaintiff's request for entry of default, ECF No. 25, is denied.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order: (1) a copy of the complete docket; (2) a copy of the complaint (ECF No. 1 (6 pp.)); and (3) a copy of the court's order filed January 30, 2020 (ECF No. 21).

////

5. Plaintiff is directed to complete and file, within fourteen (14) days after the filing date of this order, the Notice attached to the court's January 30, 2020 order, informing the court whether plaintiff wishes to appear at the settlement conference in person or by video conference, if available.

IT IS SO ORDERED.

DATED: February 13, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE